# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
### DETROIT DIVISION

| | |
|---|---|
| DONALD JOHNSON, | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO. 2:20-cv-13114 |
| FRANKLIN COLLECTION SERVICE, INC., | DEMAND FOR JURY TRIAL |
| Defendant. | |

## COMPLAINT

NOW comes DONALD JOHNSON ("Plaintiff"), by and through his undersigned attorneys, complaining as to the conduct of FRANKLIN COLLECTION SERVICE, INC. ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.*, and the Michigan Occupational Code ("MOC") under M.C.L. §339.901 *et seq.*, for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 28 U.S.C.

1

§§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Eastern District of Michigan and a substantial portion the events or omissions giving rise to the claims occurred within the Eastern District of Michigan.

## PARTIES

4. Plaintiff is a natural person over 18 years-of-age residing within the Eastern District of Michigan.

5. Defendant is a third party debt collector priding itself on obtaining "results far above the national average."[1] Defendant is a corporation organized under the laws of the state of Mississippi with its principal place of business located in Tupelo, Mississippi. Defendant regularly collects upon consumers located in the State of Michigan.

6. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, third-party contractors, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

---

[1] https://franklinservice.com/about/

7.  The instant action stems from Defendant's attempts to collect upon an alleged defaulted AT&T bill ("subject debt") said to be owed by Plaintiff.

8.  After Plaintiff's purported default on the subject debt, AT&T charged off the subject debt and placed it with Defendant for collection purposes.

9.  Around September 2020, Plaintiff began receiving calls to his cellular phone, (313) XXX-8106, from Defendant.

10. At all times relevant to the instant action, Plaintiff was the sole operator of the cellular phone ending in -8106.  Plaintiff is and always has been financially responsible for the cellular phone and its services.

11. Defendant has called Plaintiff mainly using the phone number (877) 354-9845, but upon belief, Defendant has used other phone numbers as well.

12. Upon information and belief, the above referenced phone number ending in 9845 is regularly utilized by Defendant during its debt collection activities.

13.  Upon speaking with Defendant's representative, Plaintiff was informed that Defendant was seeking to collect on the subject debt.

14.  Plaintiff was confused as to why Defendant was attempting to collect the subject debt from him, as he does not owe the subject debt.

15.  Plaintiff explained to Defendant that he is currently involved in litigation against AT&T for misrepresentation and breach of contract relating to the subject debt.

16. As a result, Plaintiff provided Defendant with his attorney's contact information and requested that Defendant speak with his attorney regarding the subject debt.

17. Additionally, Plaintiff requested that Defendant cease contacting him.

18. Instead of considering Plaintiff statement, Defendant said that it will not contact Plaintiff's attorney and demanded that Plaintiff make a payment on the subject debt.

19. Defendant continued placing repeated phone calls to Plaintiff's cellular phone attempting to collect upon the subject debt, notwithstanding its knowledge that Plaintiff was represented in connection with the subject debt and that Plaintiff had demanded that the phone calls stop.

20. Plaintiff has received dozens of phone calls from Defendant seeking collection of the subject debt since asking it to stop calling and since Defendant knew that Plaintiff was represented by counsel in connection with the subject debt.

21. Frustrated and angered over Defendant's conduct, Plaintiff spoke with his undersigned attorneys regarding his rights, resulting in exhausting time and resources.

22. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

23. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies

excessive collection telephone calls, emotional distress, increased risk of personal injury resulting from the distraction caused by the never-ending calls, increased usage of his telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on his cellular phone, and diminished space for data storage on his cellular phone.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

24.  Plaintiff repeats and realleges paragraphs 1 through 23 as though fully set forth herein.

25. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

26. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly uses the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

27. Defendant is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others. Defendant has been a member of ACA International, an association of credit and collection professionals, since 1982.[2]

28. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

---

[2] http://www.acainternational.org/search#memberdirectory

### a.     Violations of the FDCPA § 1692b(6) and § 1692c(a)(2)

29. The FDCPA, pursuant to 15 U.S.C. §1692b(6), prohibits a debt collector, after acquiring knowledge that a consumer is represented by counsel in relation to a particular debt, communicating with any individual other than such attorney regarding such debt. Similarly, pursuant to 15 U.S.C. § 1692c(a)(2), a debt collector is prohibited from contacting a consumer attempting to collect upon a debt "if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address."

30. Defendant violated §§1692b(6) & 1692c(a)(2) when it continued to systematically place collection calls to Plaintiff's cellular phone after he informed Defendant that he is represented by an attorney regarding the subject debt.

31. Defendant refused to contact Plaintiff's attorney and continued to place harassing calls to Plaintiff's cellular phone in order to force Plaintiff to make a payment on the subject debt despite the fact that he does not owe the subject debt.

### b.     Violations of the FDCPA §1692c(a)(1) and §1692d

32. The FDCPA, pursuant to 15 U.S.C. §1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

33. Furthermore, §1692d(5) prohibits, "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

34. Defendant violated §1692c(a)(1), d, and d(5) when it repeatedly called Plaintiff after being notified to stop and after Plaintiff provide his attorney's information.   This behavior of systematically calling Plaintiff's phone on a systematic basis in spite of his demands was harassing and abusive. The frequency and volume of calls shows that Defendant willfully ignored Plaintiff's pleas with the goal of annoying and harassing him.

35.  Defendant was notified by Plaintiff that its calls were not welcomed.  As such, Defendant knew that its conduct was inconvenient and harassing to Plaintiff.

**c.  Violations of the FDCPA § 1692e**

36. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

37. In addition, this section enumerates specific violations, such as:

> "The false representation of . . . the character, amount, or legal status of any debt . . . ." 15 U.S.C. § 1692e(2)(A); and,

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."  15 U.S.C. §1692e(10).

38. Defendant violated §1692e and e(10) when it used deceptive means to collect and/or attempt to collect the subject debt. In spite of the fact that Plaintiff demanded that it stop contacting him and after providing his attorney's contact information, Defendant continued to contact Plaintiff, explicitly informing Plaintiff that it would not contact his attorney despite its lawful requirement to do so. Instead of putting an end to this harassing behavior, Defendant placed repeated calls to Plaintiff's cellular phone in a deceptive attempt to force him to answer its calls and ultimately make a payment. Through its conduct, Defendant misleadingly represented to Plaintiff that it had the legal ability to contact him, which it lost after becoming aware that Plaintiff was represented by counsel and after Plaintiff demanded that the calls stop.

39. Furthermore, Defendant violated §1692e, e(2), and e(10) when it attempted to collect upon a debt which Plaintiff does not owe. It was a false representation as to the character of the subject debt to suggest that Plaintiff owed the debt, during the phone calls between the parties, even though Plaintiff explained to Defendant that he does not owe the subject debt.

**d. Violations of FDCPA § 1692f**

40. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

41. Defendant violated §1692f when it unfairly and unconscionably attempted to collect on a debt by repeatedly calling Plaintiff after being notified to stop.

Attempting to coerce Plaintiff into payment by placing voluminous phone calls without his permission is unfair and unconscionable behavior.   These means employed by Defendant only served to worry and confuse Plaintiff.

42. Defendant further violated § 1692f when it unfairly refused to contact Plaintiff's attorney, instead continuing to contact Plaintiff. Despite Defendant's lawful requirement to speak to Plaintiff's attorney regarding the subject debt, Defendant instead chose to unfairly continue its campaign of harassment against Plaintiff.

43. Additionally, Defendant violated §1692f when it unfairly and unconscionably attempted to collect on a debt which Plaintiff did not owe. It was unfair for Defendant to attempt to collect the subject debt from Plaintiff.

44. As pled above, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal actions.

WHEREFORE, DONALD JOHNSON, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d.   Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

e.   Enjoining Defendant from further contacting Plaintiff; and

f.   Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT II – VIOLATIONS OF THE MICHIGAN OCCUPATIONAL CODE

45.Plaintiff restates and realleges paragraphs 1 through 44 as though fully set forth herein.

46.Plaintiff is a "consumer" or "debtor" as defined by M.C.L. § 339.901(f).

47.Defendant is a "collection agency" as defined by M.C.L. § 339.901(b) as it is a person that is directly engaged in collecting or attempting to collect a claim owed or due or asserted to be owed or due another.

48.The subject debt is a "[c]laim" or "debt" as defined by M.C.L. § 339.901(a) as it is an obligation or alleged obligation for the payment of money or thing of value arising out of an agreement or contract for a purchase made primarily for personal, family, or household purposes.

### a.  Violations of M.C.L. § 339.915(f)(ii)

49.The MOC, pursuant to M.C.L. § 339.915(f)(ii) prohibits a collection agency from "[m]isrepresenting in a communication with a debtor . . . [t]he legal rights of the creditor or debtor."

50. Defendant violated M.C.L. § 339.915(f)(ii) by repeatedly contacting Plaintiff's cellular phone absent consent. Through its conduct, Defendant misrepresented that it had the legal ability to contact Plaintiff despite him demanding that it cease contacting him and Plaintiff requesting that Defendant contact his attorney. Any hypothetical lawful ability of Defendant to place the calls at issue was explicitly extinguished after Plaintiff demanded that it cease calling his cellular phone and speak to his attorney. As such, Defendant misrepresented its legal rights in placing the phone calls, as well as Plaintiff's legal rights to have such phone calls cease, by attempting to contact Plaintiff's cellular phone absent the lawful ability to do so.

51. Furthermore, through its representation that the subject debt was due and owing by Plaintiff. Defendant misrepresented the extent to which Defendant and the original creditor of the subject debt had a legal right to collect the subject debt from Plaintiff, when in fact Plaintiff did not owe the subject debt.

### b. Violations of M.C.L. § 339.915(h)

52. The MOC, pursuant to M.C.L. § 339.915(h), prohibits a collection agency from "communicating with a debtor . . . when the debtor is actively represented by an attorney, the attorney's name and address are known, and the attorney has been contacted in writing by the credit grantor or the credit grantor's representative."

53. Defendant violated M.C.L. § 339.915(h) when it continued communicating with Plaintiff regarding the subject debt despite knowing that Plaintiff was actively represented by an attorney. Defendant had all of the information necessary to know that it needed to cease contacting Plaintiff, yet continued contacting Plaintiff seeking payment on the subject debt notwithstanding the knowledge it had acquired.

### c.  Violations of M.C.L. § 339.915(n)

54. The MOC, pursuant to M.C.L. § 339.915(n), prohibits a collection agency from "[u]sing a harassing, oppressive, or abusive method to collect a debt, including causing a telephone to ring or engaging a person in telephone conversation repeatedly, continuously, or at unusual times or places which are known to be inconvenient to the debtor."

55. Defendant violated the MOC when it repeatedly called Plaintiff after being notified to stop. Defendant called Plaintiff dozens of times after he demanded that it stop.  This repeated behavior of systematically calling Plaintiff's phone in defiance of the information provided by Plaintiff was harassing and abusive. Such contacts were made with the hope that Plaintiff would succumb to the harassing behavior and ultimately make a payment. The nature and volume of phone calls, especially after Plaintiff demanded that the calls stop, would naturally cause an individual to feel oppressed.

### d.  Violations of M.C.L. § 339.915(q)

56. The MOC, pursuant to M.C.L. § 339.915(q), subjects collection agencies to liability for "[f]ailing to implement a procedure designed to prevent a violation by an employee."

57. Defendant violated the MOC by failing to adequately have procedures in place designed to prevent a violation by its employee(s). Upon information and belief, Defendant lacks any procedures designed to insure that, upon a debt being placed with it for collection, the consumer actually owes the debt sought to be collected.

58. Defendant further violated the MOC by failing to have procedures in place to ensure its employees contact a consumer's attorney upon becoming aware a consumer is represented by an attorney. Defendant's course of conduct demonstrates that rather than adhere to the requirements incumbent upon an entity engaging in the debt collection business, Defendant's employees instead disregard its obligations in furtherance of Defendant's efforts to collect debts from consumers.

59. Defendant's violations of the MOC were willful. Defendant was notified by Plaintiff that he did not owe the subject debt and he did not wish to receive any more phone calls. Yet, Plaintiff was still bombarded with collection phone calls from Defendant. In a willful manner, Defendant called Plaintiff repeatedly notwithstanding his demands. Upon information and belief, Defendant regularly engages in the above described behavior against consumers in Michigan, further

demonstrating its willful failure to implement adequate procedures designed to prevent violations of the MOC.

WHEREFORE, Plaintiff, DONALD JOHNSON, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Entitling Plaintiff to injunctive relief, pursuant to M.C.L. § 339.916(1);

c. Awarding Plaintiff actual damages, including treble damages, pursuant to M.C.L. § 339.916(2);

d. Awarding statutory damages of at least $50.00, including treble damages, pursuant to M.C.L. § 339.916(2);

e. Awarding Plaintiff costs and reasonable attorney fees, pursuant to M.C.L. § 339.916(2);

f. Enjoining Defendant from further contacting Plaintiff; and

g. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: November 23, 2020                          Respectfully submitted,

s/ Ahmad T. Sulaiman
Ahmad T. Sulaiman, Michigan Bar No. P82149
*Counsel for Plaintiff*
Admitted in the State Bar of Michigan
Admitted in the Eastern District of Michigan
Sulaiman Law Group, Ltd.
2500 South Highland Avenue, Suite 200
Lombard, Illinois 60148
(630) 575-8181 x124 (phone)
(630) 575-8188 (fax)
ahmad.sulaiman@sulaimanlaw.com

s/ Nathan C. Volheim
Nathan C. Volheim, Esq. #6302103
*Counsel for Plaintiff*
Admitted in the Eastern District of Michigan
Sulaiman Law Group, Ltd.
2500 South Highland Avenue, Suite 200
Lombard, Illinois 60148
(630) 575-8181 x113 (phone)
(630) 575-8188 (fax)
nvolheim@sulaimanlaw.com